## DYSON *v.* STATE

[No. 238, September Term, 1964.]

*Original Opinion, filed April 27, 1965, reported at 238 Md. 398.*

*Per Curiam Opinion filed June 2, 1965.*

## PER CURIAM OPINION ON MOTION FOR REHEARING AND ON MOTION TO CORRECT RECORD

After the opinion in this case had been filed, the trial judge noticed that the word "not" had been omitted in a portion of his charge to the jury which had been commented on in the opinion, as reproduced in the transcript. As filed, the transcript shows that after Judge Harris had told the jury he had ruled admissible statements made to Lieutenant McKew by Melvin (the man the appellant sought to persuade the jury was the rapist) he said:

> "Some of this testimony by him is obviously hearsay
> —the statements made to him by Melvin. Those alleged statements were admitted by me only for the purpose of aiding you in judging whether or not the police were justified in arresting and holding the defendants in this case. That testimony, in and of itself, has nothing whatsoever to do with guilt or innocence of the defendant in this case; although you may consider the effect of Melvin's statement as well as the defendant's statement in arriving at your verdict.
> "My purpose in making this statement to you is to emphasize that any testimony in the nature of hear-

say, told by Melvin to the lieutenant, bears upon only the issue of arrest and upon the issue of the guilt or innocence of the defendant in this case."

Judge Harris has certified that the second paragraph of the portion of his charge quoted above was, as delivered, actually the following:

"My purpose in making this statement to you is to emphasize that any testimony in the nature of hearsay, told by Melvin to the lieutenant, bears upon only the issue of arrest and *not* upon the issue of the guilt or innocence of the defendant in this case." (Emphasis supplied)

—that is, that the italicized word "not" had preceded the words "upon the issue of the guilt or innocence of the defendant in this case." The court stenographer, under oath, supports the recollection of Judge Harris by deposing that his original notes show that Judge Harris, in delivering the charge, used the word "not" as indicated above.

The appellant has moved to correct the record and for a re-argument. The Attorney General has consented to the correction of the record.

The motion to correct has been granted and the motion for reargument denied, and we deem it appropriate to indicate the reason for the denial.

In the opinion, in answer to appellant's contention that the charge of the court—to which he made no specific objection or request for change at the trial—ignored his theory that Melvin was the man who had raped Mrs. Kelly, we said of the part of the charge quoted above:

"We think it clear that Judge Harris meant—and that the jury would have known that he so meant—that Melvin's confession alone could not incriminate Dyson and that what Melvin had told the police was not 'in and of itself' evidence against Dyson, but that the Melvin confession bore upon whether the police and the prosecutor rightly and accurately had chosen

between two suspects, and, therefore, bore upon Dyson's guilt or innocence."

This reading, interpretation and effect of the charge as originally filed in the transcript are equally applicable to the charge as corrected. The court's statement that the hearsay in Melvin's confession bore only upon the matter of arrest "and not upon the guilt or innocence of the defendant in this case" must be considered in the context of his entire instructions on the point, including his immediately prior statements that Melvin's confession "in and of itself has nothing to do with guilt or innocence of the defendant in this case," but that "you may consider the effect of Melvin's statement as well as the defendant's statement in arriving at your verdict." Thus, as we said originally, "These instructions did give recognition to the appellant's theory that Melvin was the only guilty man and aided the jury in accepting or rejecting, as they did, that theory."